**In re G.L. BRYAN INVESTMENTS, INC., Debtor.**

**No. 04–21867.**

United States Bankruptcy Court, D. Colorado.

March 3, 2006.

---

Jeffrey A. Weinman, Weinman & Associates, P.C., Denver, CO, for the Debtor–in–Possession.

David von Gunten, von Gunten Law LLC, Englewood, CO, for Creditors Aet Environmental and Arthur Clark.

Leo Weiss, Office of the U.S. Trustee, Denver, CO, U.S. Trustee.

## AMENDED MEMORANDUM OPINION AND ORDER REGARDING IMPAIRMENT UNDER 11 U.S.C. § 1124

SIDNEY B. BROOKS, Bankruptcy Judge.

On November 16, 2005, this Court conducted a hearing on the Adequacy of the Amended Disclosure Statement filed by G.L. Bryan Investments, Inc. ("Debtor") on October 5, 2005 (Docket # 98) and the Objection thereto filed by AET Environmental and Arthur Clark ("Objecting Creditors") on November 9, 2005 (Docket # 105).[1] At the conclusion of the hearing the Court ordered the parties to submit legal briefs on the disputed issue of creditor impairment under the Plan. On February 8, 2006, this Court conducted a hearing on the Second Amended Disclosure Statement and Plan. Two days prior to the hearing, Debtor filed its Third Amended

---

1. The United States Trustee also objected to the Amended Disclosure Statement on November 9, 2005 (Docket # 103), but the Objection did not focus on the issue of impairment.

Disclosure Statement. At the hearing, the Court took argument with respect to the issue of Impairment. Thereafter, on February 24, 2006, the Debtor filed its Fourth Amended Disclosure Statement and Plan. The Court, has reviewed the pleadings, the various versions of the Plan and Disclosure Statement, relevant case law on the issue of impairment under 11 U.S.C. § 1124, and the Court's file in this matter, and enters the following findings, conclusions, and Order.

The issue presented—when is a creditor class impaired under a debtor's plan—is noteworthy here because (1) despite expectations, there is a dearth of case law on the subject in this Circuit and (2) the circumstances and motivation of the Debtor, here, to create an "unimpaired" class is very different from most cases and likely dispositive of plan confirmation and feasibility in this case.

## I. *Background*

The Objecting Creditors claim to hold over $591,000.00 of the Debtor's approximately $601,177.00 unsecured debt. This claim arises from a judgment entered in state court ("State Court Judgment") in favor of Objecting Creditors and against Debtor. Pursuant to the State Court Judgment, interest is to accrue thereon at the rate of 8% per annum, compounded annually. The existence of the State Court Judgment was a catalyst to the Debtor's bankruptcy filing.

On December 5, 2005, the Debtor filed its Second Amended Disclosure Statement and Second Amended Plan of Reorganization. Under the Second Amended Disclosure Statement and Plan, the Debtor contends that Objecting Creditors are unimpaired under the Plan and therefore not entitled to vote on the Plan.

The Second Amended Disclosure Statement and Plan provide that the claims of the unsecured creditors, of which the Objecting Creditors will be paid at 100% of the principal amount of the State Court Judgment, plus 4.3% interest, which is the federal judgment rate of interest. The payment of these amounts will be *deferred,* however.

The Second Amended Plan provides that the unsecured creditors will receive payments from the cash flow of the Debtor in five annual pro rata distributions. Each annual distribution will be seventy-five percent (75%) of available cash as defined in the Second Amended Plan, with the first such distribution to be made on the one-year anniversary of the effective date and continuing annually thereafter for four (4) additional annual until paid in full. Notwithstanding such payment scheme, upon the sale of the Debtor's primary asset, an office building, and the pro rata distribution of the sales proceeds of such sale to unsecured creditors (after payment of then outstanding priority and administrative claims, if any), in the event that the sale proceeds equals or exceeds the amount then owing to the Class 3 unsecured creditors, no further payments will be made under the Second Amended Plan. In addition to the pro rata payments of the available cash, the unsecured creditors, under the Second Amended Plan, will receive pro rata distributions of the net proceeds of accounts receivable collected by the Debtor and these funds shall be accumulated and paid quarterly. The most recent iteration of the Plan and Disclosure Statement—the Fourth Amended Plan and Disclosure Statement—does not assure that the Class 3 claims will be paid in full in the five (5) year period.[2]

---

2. The Fourth Amended Disclosure Statement provides that:

In the event that Class 3 is not paid in full, with interest, in five years, payments shall

## II. *Issues*

There are two issues before the Court:

A. Whether the unsecured creditors—in particular, the Objecting Creditors—are impaired under the Fourth Amended Plan because they are not receiving immediate payment of the amounts due.

B. Whether the unsecured creditors—in particular, the Objecting Creditors—are impaired under the Fourth Amended Plan because the interest rate under which they are to be paid, pursuant to the Fourth Amended Plan, is reduced from the State Court Judgment amount.

The Court concludes that the Objecting Creditors are impaired under the Fourth Amended Plan because (a) they are receiving deferred payments over time and (b) the interest to which they would receive under the State Court Judgment is reduced from 8% per annum to 4.3% per annum. Bottom line: if the Debtor intends to reduce the interest rate and/or pay the unsecured creditors over time—a time period which, under the Fourth Amended Plan and Disclosure Statement, may be five years *or some other undetermined span*—, the unsecured creditors are impaired creditors under the Bankruptcy Code.

---

continue until paid in full.
Fourth Amended Disclosure Statement at 20.

**3.** As counsel for the Debtor noted during argument on this issue on February 8, 2006, 11 U.S.C. § 1124 was amended in 1994. Counsel for the Debtor, in his argument, asserted that most, if not all, of the case law cited by the Objecting Creditors predated the enactment of the revised 11 U.S.C. § 1124 and, therefore, was not persuasive on the issues before the Court. In particular, 11 U.S.C. § 1124(3) was removed. Section 1124(3) provided that a class of claims paid in full in

## III. *Discussion*

■ Pursuant to 11 U.S.C. § 1124:
Except as provided in section 1123(a)(4) of this title, a class of claims or interest is impaired under a plan unless, with respect to each claim or interest of such class, the plan—

(1) leaves unaltered the legal, equitable, and contractual rights to which such claim or interest entitles the holder of such claim or interest;

(2) notwithstanding any contractual provision or applicable law that entitles the holder of such claim or interest to demand or receive accelerated payment of such claim or interest after the occurrence of a default—

(A) cures any such default that occurred before or after the commencement of the case under this title, other than a default of a kind specified in section 365(b)(2) of this title;

(B) reinstates the maturity of such claim or interest as such maturity existed before such default;

(C) compensates the holder of such claims or interest of any damages incurred as a result of any reasonable reliance by such holder on such contractual provision or such applicable law; and

(D) does not otherwise alter the legal, equitable, or contractual rights to which such claim or interest entitles the holder of such claim or interest.[3]

---

cash on the effective date was considered unimpaired.

The Court does not believe that the key cases cited by the Objecting Creditors are overturned by the 1994 amendments. The House Report explained the changes as follows:

The principal change in this section is set forth in subsection (d) and relates to the award of postpetition interest. In a recent Bankruptcy Court decision in *In re New Valley Corp.*, 168 B.R. 73 (Bankr.D.N.J. 1994), unsecured creditors were denied the

In most of the published case law, questions of impairment arise where a debtor is establishing, or creating, an "impaired" class in order to secure an assenting class of impaired claims for confirmation purposes.[4] Here, the Debtor already has two impaired classes and treats the unsecured creditors as unimpaired. This, of course, precludes the unsecured class—of which the Objecting Creditors' claim dominates—from voting on the plan. In effect, this is the converse of most situations and most published law on this subject. Nevertheless, in this case, it does appear that the Debtor is manufacturing an unimpaired class in order to forestall *the* dominate creditor—the Objecting Creditors—from vetoing confirmation.

■ "Generally, a class is impaired when the *legal,* equitable and contractual rights out of which [a creditor's] claim arises are altered in *any* way."[5] Here, the legal rights of the Objecting Creditors are altered in two important respects: (1) payments are deferred to the Objecting Creditors[6] and (2) interest on the State Court Judgment is substantially reduced.[7]

right to receive postpetition interest on their allowed claims even though the debtor was liquidation and reorganization solvent. The *New Valley* decision applied section 1124(3) of the Bankruptcy Code literally by asserting, in a decision granting a declaratory judgment, that a class that is paid the allowed amount of its claims in cash on the effective date of a plan is unimpaired under section 1124(3), therefore is not entitled to vote, and is not entitled to receive postpetition interest. The Court left open whether the good faith plan proposal requirement of section 1129(a)(3) would require the payment of or provision for postpetition interest. In order to preclude this unfair result in the future, the Committee finds it appropriate to delete section 1124(3) from the Bankruptcy Code. As a result of this change, if a plan proposed to pay a class of claims in cash the full allowed amount of the claims, the class would be impaired entitling creditors to vote for or against the plan of reorganization. If creditors vote for the plan of reorganization, it can be confirmed over the vote of a dissenting class of creditors only if it complies with the "fair and equitable" test under section 1129(b)(2) of the Bankruptcy Code and it can be confirmed over the vote of dissenting individual creditors only if it complies with the "best interest of creditors" test under section 1129(a)(7) of the Bankruptcy Code.

The words "fair and equitable" are terms of art that have a well established meaning under the case law of the Bankruptcy Act as well as under the Bankruptcy Code. Specifically, courts have held that where an estate is solvent, in order for a plan to be fair and equitable, unsecured and undersecured creditors' claims must be paid in full, including postpetition interest, before equity holders may participate in any recovery. (citations omitted).

With respect to section 1124(1) and (2), subsection (d) would not change the beneficial 1984 amendment to section 1129(a)(7) of the Bankruptcy Code with excluded from application of the best interest of creditors test classes that are unimpaired under section 1124.

H.R. Rep 103–834, 103rd Cong., 2d Sess 25–26 (Oct. 4, 1994); 140 Cong. Rec. H10768 (Oct. 4, 1994).

4. *See, e.g., In re Dean,* 166 B.R. 949 (Bankr. D.N.M.1994).

5. *Id.* at 954, n. 3 (emphases added).

6. *See, e.g., In re Grandfather Mountain Ltd.,* 207 B.R. 475, 485 (Bankr.M.D.N.C.1996) (deferred payments to creditors considered an alteration of legal rights).

7. *See, In re Valley View Shopping Center,* 260 B.R. 10, 32–33 (Bankr.D.Kan.2001) (unsecured creditors were impaired under a plan event though the claims were paid in full, without interest, 90 days after the effective date of the plan). Debtor seems to also rely on *Solow v. PPI Enterprises, Inc. (In re PPI Enterprises, Inc.),* 324 F.3d 197 (3d Cir.2003) for the proposition that a claim can be capped and paid over time. In that case, the alteration of rights to a landlord was by way of the Code—in particular, 11 U.S.C. § 502(b)(6). Alteration of rights by way of the Bankruptcy Code or other statute is not an impairment. 7

Moreover, with respect to the deferral of payments, the Fourth Amended Plan seems to suggest that payments may be deferred beyond the five (5) years originally proposed. This further impairs this class. Consequently, the Objecting Creditors are impaired and are entitled to vote on Debtor's Second Amended Plan.

## IV. *Order*

IT IS THEREFORE ORDERED that the Objecting Creditors are impaired and entitled to vote on Debtor's Fourth Amended Plan.

*Collier on Bankruptcy* ¶ 1124.02[6], at 1124–8 (Alan N. Resnick and Henry J. Sommer ed., 15th ed. Rev.2003). Here, the alteration of the claim is by way of the Debtor's Fourth Amended Plan, not the Bankruptcy Code or some other relevant statute.